# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY, INC., and NEXT INSURANCE US COMPANY, | )<br>)<br>)<br>) |
| Petitioners, | )<br>) |
| v. | )<br>) |
| | ) CASE NO.: |
| JEREMY SKIDMORE, HOLLY SKIDMORE, EARNEST LEE, SRP RENTALS, INC., SPIDER JUMP USA, INC., SOLID ROCK PRODUCTIONS, INC., TRUE AMERICAN CLASSIC, INC., NEO KHANG, Individually, and as Employee of EARNEST LEE, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Respondents. | )<br>) |

## PETITION FOR DECLARATORY JUDGMENT

COME NOW Petitioner State National Insurance Company, Inc. ("Petitioner State National") and Petitioner Next Insurance US Company ("Petitioner Next") (collectively "Next Petitioners"), Petitioners in the above-styled case, by and through its undersigned counsel of record, and brings this action against Respondent Jeremy Skidmore ("Respondent Jeremy"), Respondent Holly Skidmore ("Respondent Holly") (collectively "Skidmore Respondents"), Respondent Earnest Lee ("Respondent Lee"), Respondent SRP Rentals, Inc. ("Respondent SRP"), Respondent Spider Jump USA, Inc. ("Respondent Spider Jump"), Respondent Solid

1

Rock Productions, Inc. ("Respondent Solid Rock"), Respondent True American Classic, Inc. ("Respondent True American"), and Respondent Neo Khang ("Respondent Khang") and allege as follows:

## PARTIES

1.

Petitioner State National is a foreign corporation with its principal place of business in Bedford, Texas. It is incorporated under the laws of the State of Texas and is a citizen of Texas.

2.

Petitioner Next is a foreign corporation with its principal place of business in Palo Alto, California. It is incorporated under the laws of the State of Delaware and is a citizen of Delaware and California.

3.

Respondent Jeremy is a resident and citizen of the State of Georgia and may be served with process at his last known address at 4259 McClanes Court, Conyers, Georgia, 30094-8003 in Rockdale County, Georgia.

4.

Respondent Holly is a resident and citizen of the State of Georgia and may be served with process at her last known address at 4259 McClanes Court, Conyers, Georgia, 30094-8003 in Rockdale County, Georgia

5.

Respondent Lee is a resident and citizen of the State of Georgia and may be served with process at his last known address at 1324 Baylor Road, Bethlehem, Georgia, 30620 in Barrow County, Georgia.

6.

Respondent SRP is a corporation that is a citizen of the State of Georgia and may be served with process through its registered agent Earnest Lee at 1962 Railroad Street, Statham, Georgia, 30666 in Barrow County, Georgia.

7.

Respondent Spider Jump is a corporation that is a citizen of the State of Georgia and may be served with process through its registered agent Earnest Lee at 3765 Maysville Road, Commerce, Georgia, 30529 in Jackson County, Georgia.

8.

Respondent Solid Rock is a corporation that is a citizen of the State of Georgia and may be served with process through its registered agent Earnest Lee at 1962 Railroad St, Statham, Georgia, 30666 in Barrow County, Georgia.

9.

Respondent True American is a corporation that is a citizen of the State of Georgia and may be served with process through its registered agent Earnest Lee at 1962 Railroad St, Statham, Georgia, 30666 in Barrow County, Georgia.

10.

Respondent Khang is a resident and citizen of the State of Georgia and may be served with process at his last known address at 1586 Pacific Street, Saint Paul, Minnesota, 55106 in Barrow County, Minnesota.

**JURISDICTION**

11.

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the Next Petitioners are citizens of different states than all Respondents.

12.

The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 because the relief sought by the Skidmore Respondents for injuries and damages arising from the incident that is the subject matter of this action exceeds $75,000.00.

13.

The Court further has jurisdiction pursuant to 28 U.S.C. § 2201, in that Petitioner State National is seeking a declaration from this Court regarding the parties' rights and obligations with respect to a CGL policy issued to Earnest Lee and SRP Rentals, Inc. by Petitioner State National, Policy Number NXTXJ6M3ML-01-GL (the "SRP Policy"). (A certified copy of the Policy is attached hereto as Exhibit A). The Policy provides $1,000,000/$2,000,000 in liability limits.

14.

The Court further has jurisdiction pursuant to 28 U.S.C. § 2201, in that Petitioner Next is seeking a declaration from this Court regarding the parties' rights and obligations with respect to a CGL policy issued to Earnest Lee and True American Classic, Inc. by Petitioner Next, Policy Number NXTU3IDGRY-00-GL (the "True American Policy"). (A certified copy of the Policy is attached hereto as Exhibit B). The Policy provides $1,000,000/$2,000,000 in liability limits.

15.

The Court further has jurisdiction pursuant to 28 U.S.C. § 2201, in that Petitioner Next is seeking a declaration from this Court regarding the parties' rights and obligations with respect to a CGL policy issued to Earnest Lee and Spider Jump USA, Inc. by Petitioner Next, Policy Number NXT0649QGI-01-GL (the "Spider Jump Policy"). (A certified copy of the Policy is attached hereto as Exhibit C). The Policy provides $1,000,000/$2,000,000 in liability limits.

16.

The Next Petitioners anticipate that Respondents will contest the Next Petitioners' position in regard to the parties' rights and obligations under said Policies and, therefore, a true and actual controversy exists between the parties. Thus, the Court is vested, pursuant to 28 U.S.C. § 2201, with the power to declare the rights and obligations of the parties hereto, and to provide such other relief as

may be necessary.

## VENUE

17.

Furthermore, venue is laid in this District pursuant to 28 U.S.C. § 1391 (b)(2) by virtue of the fact that a substantial part of the events or omissions giving rise to the claim occurred in Northern District of Georgia, Gainesville Division.

## FACTS

18.

On October 9, 2021, Respondent SRP, which is owned by Respondent Lee, was hired for rock climbing services at a church event in Banks County, Georgia.

19.

According to the employee statement by Respondent Khang, Respondent Khang harnessed Respondent Jeremy, a customer, and connected him to the Petzl Carabiner, and he was well on his way climbing the rock wall.

20.

When Respondent Khang started to harness other customers, he realized that Respondent Jeremy's harness broke, and he had fallen face down.

21.

The youth camp immediately called the nurse on duty, and the nurse was quick to react, and an ambulance was called immediately.

22.

The photographs indicate that the harness was torn.

23.

On June 6, 2022, Petitioner State National was given first notice of the accident.

24.

On March 16, 2023, counsel for the Skidmore Respondents sent a $750,000 demand letter to Respondent State National.

25.

On May 9, 2023, Respondent State Nation cancelled the SRP Policy effective June 22, 2021 based upon a material misrepresentation during the policy bind. Specifically, Respondent Lee had multiple insurance policies that were not insuring the correct product. The SRP Policy was insuring av equipment rental, but the company was operating rock climbing walls. The True American Policy is a carpentry policy, but the company is for trolly train rentals. The Spider Jump Policy is an engineering policy, but the company was operating spider jump trampolines.

26.

On May 9, 2023, Respondent Next cancelled the Spider Jump Policy effective July 16, 2021 based upon a material misrepresentation during the policy bind. Specifically, Respondent Lee had multiple insurance policies that were not

insuring the correct product.

27.

On June 28, 2023, the Skidmore Respondents filed a lawsuit in the Superior Court of Barrow County against Respondent Lee Individually and with his Companies Respondent SRP, Respondent Spider Jump, Respondent Solid Rock, and Respondent True American, and Respondent Khang, Individually, and as Employee of Respondent Lee and his Companies Petzl America, Inc., and John Doe Defendants.

28.

Respondent Lee owns Respondent SRP, Respondent Spider Jump, Respondent Solid Rock, and Respondent True American.

29.

The Next Petitioners made repeated attempts to contact Respondent Lee for additional information, but he intentionally failed to cooperate.

30.

The Next Petitioners were prejudiced by Respondent Lee's failure to cooperate.

31.

On January 29, 2024, Respondent State Nation sent notice to Respondent Lee that his True American Policy was cancelled effective March 1, 2024, because of

material misrepresentation. Specifically, Respondent Lee had multiple insurance policies that were not insuring the correct product.

I. **PETITIONER STATE NATIONAL HAS NO DUTY TO PROVIDE COVERAGE, INDEMNITY, OR A DEFENSE TO RESPONDENT LEE, RESPONDENT SRP, RESPONDENT SPIDER JUMP, RESPONDENT SOLID ROCK, RESPONDENT TRUE AMERICAN, OR RESPONDENT KHANG UNDER THE SRP POLICY BECAUSE THE LIMITATION OF COVERAGE TO DESIGNATED PREMISES, PROJECT OR OPERATION ENDORSEMENT APPLIES.**

32.

The Next Petitioners reincorporates the allegations contained in Paragraphs 1 through 31 of this Petition as if set forth verbatim herein.

33.

The Limitation of Coverage to Designated Premises, Project or Operation Endorsement states:

> A. If this endorsement is attached to Commercial General Liability Coverage Form **CG 00 01**, the provisions under this Paragraph **A.** apply:
> 1. Paragraph **1.b.** under **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:
>    b. This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:
>    (1) The "bodily injury" or "property damage":
>        (a) Occurs on the premises shown in the Schedule or the grounds and structures appurtenant to those premises; or
>        (b) Arises out of the project or operation shown in the Schedule;

(Exhibit A, p. 35).

34.

The project or operation shown in the Schedule is "[a]ctivities related to providing or operating as a(n) av equipment rental for events[.]" (Exhibit A, p. 38).

35.

The Skidmore Respondents' injuries and damages arose out of the use of a rock-climbing wall, not activities related to providing or operating av equipment rental for events.

36.

Because the Limitation of Coverage to Designated Premises, Project or Operation Endorsement applies, Petitioner State National has no duty to provide coverage, indemnity, or a defense to Respondent Lee, Respondent SRP, Respondent Spider Jump, Respondent Solid Rock, Respondent True American, or Respondent Khang under the SRP Policy.

II. **PETITIONER NEXT HAS NO DUTY TO PROVIDE COVERAGE, INDEMNITY, OR A DEFENSE TO RESPONDENT LEE, RESPONDENT SRP, RESPONDENT SPIDER JUMP, RESPONDENT SOLID ROCK, RESPONDENT TRUE AMERICAN, OR RESPONDENT KHANG UNDER THE TRUE AMERICAN POLICY BECAUSE THE LIMITATION OF COVERAGE TO BUSINESS DESCRIPTION ENDORSEMENT APPLIES.**

37.

The Next Petitioners reincorporate the allegations contained in Paragraphs 1 through 36 of this Petition as if set forth verbatim herein.

38.

The Limitation of Coverage to Business Description Endorsement states:

I. **SECTION I – COVERAGES, COVERAGE A BODILIY (sic) INJURY AND PROPERTY DAMAGE LIABILITY, 1. Insuring Agreement, b.** is amended and the following added:
   **(4)** The "bodily injury" or "property damage" is caused by or results from the business described in the Schedule.

(Exhibit B, p. 54).

39.

The business description in the Schedule is "Carpentry - Commercial and Industrial Construction." (Exhibit B, p. 54).

40.

The Skidmore Respondents' injuries and damages arose out of the use of a rock-climbing wall, not carpentry or commercial and industrial construction.

41.

Because the Limitation of Coverage to Business Description Endorsement applies, Petitioner Next has no duty to provide coverage, indemnity, or a defense to Respondent Lee, Respondent SRP, Respondent Spider Jump, Respondent Solid Rock, Respondent True American, or Respondent Khang under the True American Policy.

**III.     PETITIONER NEXT HAS NO DUTY TO PROVIDE COVERAGE, INDEMNITY, OR A DEFENSE TO RESPONDENT LEE, RESPONDENT SRP, RESPONDENT SPIDER JUMP, RESPONDENT SOLID ROCK, RESPONDENT TRUE AMERICAN, OR RESPONDENT KHANG UNDER THE SPIDER JUMP POLICY BECAUSE THE LIMITATION OF COVERAGE TO DESIGNATED PREMISES, PROJECT OR OPERATION ENDORSEMENT APPLIES.**

42.

The Next Petitioners reincorporate the allegations contained in Paragraphs 1 through 41 of this Petition as if set forth verbatim herein.

43.

The Limitation of Coverage to Designated Premises, Project or Operation Endorsement states:

> B. If this endorsement is attached to Commercial General Liability Coverage Form **CG 00 01**, the provisions under this Paragraph **A.** apply:
> 2. Paragraph **1.b.** under **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:
>    c. This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:
>       (1) The "bodily injury" or "property damage":
>           (a) Occurs on the premises shown in the Schedule or the grounds and structures appurtenant to those premises; or
>           (b) Arises out of the project or operation shown in the Schedule;

(Exhibit C, p. 35).

44.

The project or operation shown in the Schedule is "[a]ctivities related to providing architectural or engineering consulting services that does not include

12

performing any actual construction work or supervising any construction teams." (Exhibit C, p. 38).

45.

The Skidmore Respondents' injuries and damages arose out of the use of a rock-climbing wall, not activities related to providing architectural or engineering consulting services that does not include performing any actual construction work or supervising any construction teams.

46.

Because the Limitation of Coverage to Designated Premises, Project or Operation Endorsement applies, Petitioner Next has no duty to provide coverage, indemnity, or a defense to Respondent Lee, Respondent SRP, Respondent Spider Jump, Respondent Solid Rock, Respondent True American, or Respondent Khang under the Spider Jump Policy.

IV. **THE NEXT PETITIONERS HAVE NO DUTY TO PROVIDE COVERAGE, INDEMNITY, OR A DEFENSE TO RESPONDENT LEE, RESPONDENT SRP, RESPONDENT SPIDER JUMP, RESPONDENT SOLID ROCK, RESPONDENT TRUE AMERICAN, OR RESPONDENT KHANG UNDER THE SRP POLICY, THE TRUE AMERICAN POLICY, OR THE SPIDER JUMP POLICY AS THEY FAILED TO PROVIDE PROMPT NOTICE OF THE ACCIDENT, WHICH IS A CONDITION PRECEDENT TO COVERAGE.**

47.

The Next Petitioners reincorporate the allegations contained in Paragraphs 1 through 46 of this Petition as if set forth verbatim herein.

48.

The SRP Policy, the True American Policy, and the Spider Jump Policy, contain the following notice requirement as a condition precedent to coverage:

2. **Duties In The Event Of Occurrence, Offense, Claim Or Suit**
   a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
      (1) How, when and where the "occurrence" or offense took place;
      (2) The names and addresses of any injured persons and witnesses; and
      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

(Exhibit A, p. 24; Exhibit B, p. 24, Exhibit C, p. 24).

49.

The Next Petitioners were notified of the accident on June 6, 2022, which was approximately eight months after the accident.

50.

Because the Next Petitioners were not promptly notified of the accident, which is a condition precedent to coverage, the Next Petitioners have no duty to provide coverage, indemnity, or a defense to Respondent Lee, Respondent SRP, Respondent Spider Jump, Respondent Solid Rock, Respondent True American, or Respondent Khang under the SRP Policy, the True American Policy, or the Spider Jump Policy.

V. **THE NEXT PETITIONERS HAVE NO DUTY TO PROVIDE COVERAGE, INDEMNITY, OR A DEFENSE TO RESPONDENT LEE, RESPONDENT SRP, RESPONDENT SPIDER JUMP, RESPONDENT SOLID ROCK, RESPONDENT TRUE AMERICAN, OR RESPONDENT KHANG UNDER SRP POLICY, THE TRUE AMERICAN POLICY, OR THE SPIDER JUMP POLICY AS RESPONDENT LEE FAILED TO COOPERATE.**

51.

The Next Petitioners reincorporate the allegations contained in Paragraphs 1 through 50 of this Petition as if set forth verbatim herein.

52.

The SRP Policy, the True American Policy, and the Spider Jump Policy contain the following cooperation requirement as a condition precedent to coverage:

> **3. Duties In The Event Of Occurrence, Offense, Claim Or Suit**
> \*\*\*
> **c.** You and any other involved insured must:
> \*\*\*
> (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(Exhibit A, p. 24; Exhibit B, p. 24, Exhibit C, p. 24).

53.

The Next Petitioners reasonably requested Respondent Lee's cooperation.

54.

Respondent Lee willfully and intentionally failed to cooperate.

55.

The Next Petitioners were prejudiced by Respondent Lee's failure to

15

cooperate.

56.

Because Respondent Lee did not cooperate with the Next Petitioners, which is a condition precedent to coverage, the Next Petitioners have no duty to provide coverage, indemnity, or a defense to Respondent Lee, Respondent SRP, Respondent Spider Jump, Respondent Solid Rock, Respondent True American, or Respondent Khang under the SRP Policy, the True American Policy, or the Spider Jump Policy.

**VI.** **THE NEXT PETITIONERS HAVE NO DUTY TO PROVIDE COVERAGE, INDEMNITY, OR A DEFENSE TO RESPONDENT LEE, RESPONDENT SRP, RESPONDENT SPIDER JUMP, RESPONDENT SOLID ROCK, RESPONDENT TRUE AMERICAN, OR RESPONDENT KHANG UNDER THE SRP POLICY, THE TRUE AMERICAN POLICY, OR THE SPIDER JUMP POLICY BECAUSE OF A MATERIAL MISREPRESENTATION.**

The Next Petitioners reincorporate the allegations contained in Paragraphs 1 through 56 of this Petition as if set forth verbatim herein.

57.

The SRP Policy, the True American Policy, and the Spider Jump Policy, contain a Georgia Changes – Cancellation and Nonrenewal Endorsement, which states:

> **B.** Paragraph **A.5**. of the **Cancellation** Common Policy Condition is replaced by the following:
> \*\*\*
> 2. When this policy has been in effect for more than 60 days, or at any time if it is a renewal with us, we may cancel for one or more of the following reasons:
>    \*\*\*

      b. Upon discovery of fraud, concealment of a material fact, or material misrepresentation made by or with the knowledge of any person insured under this policy in obtaining this policy, continuing this policy or presenting a claim under this policy;

(Exhibit A, p. 10; Exhibit B, p. 10, Exhibit C, p. 10).

58.

Respondent Lee had multiple insurance policies that were not insuring the correct product.

59.

The SRP Policy was insuring av equipment rental, but the company was operating rock climbing walls.

60.

The True American Policy is a carpentry policy, but the company is for trolly train rentals.

61.

The Spider Jump Policy is an engineering policy, but the company was operating spider jump trampolines.

62.

Because Respondent Lee made material misrepresentations, the Next Petitioners have no duty to provide coverage, indemnity, or a defense to Respondent Lee, Respondent SRP, Respondent Spider Jump, Respondent Solid Rock, Respondent True American, or Respondent Khang under the SRP Policy, the True

American Policy, or the Spider Jump Policy.

VII. **THE NEXT PETITIONERS HAVE NO DUTY TO PROVIDE COVERAGE, INDEMNITY, OR A DEFENSE TO RESPONDENT LEE, RESPONDENT SRP, RESPONDENT SPIDER JUMP, RESPONDENT SOLID ROCK, RESPONDENT TRUE AMERICAN, OR RESPONDENT KHANG UNDER THE SRP POLICY OR THE SPIDER JUMP POLICY BECAUSE THE POLICIES WERE NOT IN EFFECT AT THE TIME OF THE ACCIDENT.**

The Next Petitioners reincorporate the allegations contained in Paragraphs 1 through 62 of this Petition as if set forth verbatim herein.

63.

On May 9, 2023, Respondent State Nation cancelled the SRP Policy effective June 22, 2021 based upon a material misrepresentation during the policy bind.

64.

On May 9, 2023, Respondent Next cancelled the Spider Jump Policy effective July 16, 2021 based upon a material misrepresentation during the policy bind

65.

Because the SRP Policy and the Spider Jump Policy were not in effect at the time of the accident, the Next Petitioners have no duty to provide coverage, indemnity, or a defense to Respondent Lee, Respondent SRP, Respondent Spider Jump, Respondent Solid Rock, Respondent True American, or Respondent Khang under the SRP Policy or the Spider Jump Policy.

**PRAYER FOR RELIEF**

WHEREFORE, the Next Petitioners pray:

1. That process be issued as required by law and that Respondents be served with a copy of the Summons and Petition for Declaratory Judgment;

2. That the Court issue a declaration that Petitioner State National is not obligated to provide coverage, indemnity, or a defense to Respondent Lee, Respondent SRP, Respondent Spider Jump, Respondent Solid Rock, Respondent True American, or Respondent Khang under the SRP Policy for the claims arising out of the October 9, 2021 accident;

3. That the Court issue a declaration that Petitioner Next is not obligated to provide coverage, indemnity, or a defense to Respondent Lee, Respondent SRP, Respondent Spider Jump, Respondent Solid Rock, Respondent True American, or Respondent Khang under the True American Policy for the claims arising out of the October 9, 2021 accident;

4. That the Court issue a declaration that Petitioner Next is not obligated to provide coverage, indemnity, or a defense to Respondent Lee, Respondent SRP, Respondent Spider Jump, Respondent Solid Rock, Respondent True American, or Respondent Khang under the Spider Jump Policy for the claims arising out of the October 9, 2021 accident;

5. For a trial by jury on all issues; and

6. For such other and further relief as the Court deems just and proper.

Respectfully submitted, this 30th day of January, 2024.

                                       COPELAND, STAIR, VALZ & LOVELL, LLP

| | | |
|---|---|---|
| 191 Peachtree Street NE, Suite 3600 | By: | */s/ Jena G. Emory* |
| P.O. Box 56887 (30343-0887) | | RYAN D. DIXON |
| Atlanta, Georgia 30303-1740 | | State Bar No.: 859300 |
| Phone: 404-522-8220 | | JENA G. EMORY |
| Fax: 404-523-2345 | | State Bar No.: 178454 |
| rdixon@csvl.law | | |
| jemory@csvl.law | | *Attorneys for Petitioner State National Insurance Company, Inc. and Petitioner Next Insurance US Company* |